United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-11483
Summary Calendar

————————————

JAMES H. MATLOCK,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Medical Center, Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-863-A
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

James H. Matlock, a federal prisoner (# 90897-012), appeals
the district court's dismissal of his 28 U.S.C. § 2241 petition,
which was purportedly filed pursuant to the "savings clause" of
28 U.S.C. § 2255.  He attacked his 1991 sentence for distribution
of cocaine base, arguing pursuant to <u>Blakely v. Washington</u>,
124 S. Ct. 2531 (2004), that the facts underlying his "career
offender" enhancement, U.S.S.G. § 4B1.1, were neither submitted
to a jury nor admitted, in violation of the Sixth Amendment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Now relying on United States v. Booker, 125 S. Ct. 738 (2005), Matlock contends that his Booker claim falls within the savings clause in 28 U.S.C. § 2255. To proceed under the savings clause, the applicant must make the following three-part showing: (1) that his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court case "establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted"; and (3) precedent foreclosed this claim at the time of the petitioner's trial, appeal, or first § 2255 motion. Christopher v. Miles, 342 F.3d 378, 382 (5th Cir.) (citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)), cert. denied, 540 U.S. 1085 (2003).

Even assuming arguendo that the savings clause applies, Matlock has not stated a cognizable Booker claim. Determinations supporting a career-offender enhancement are questions of law, not fact, and do not implicate the Sixth Amendment. See United States v. Guevara, ___ F.3d ___, No. 03-11299 (5th Cir. May 2, 2005), 2005 WL 1009772 at *6. "Career offender status is not a 'sentencing judge's determination of a fact other than a prior conviction.'" Id. (citing Booker, 125 S. Ct. at 747 n.1).

The judgment of the district court is AFFIRMED.